No. 72.—JAMES WOOD AND JAMES MORRIS, plaintiffs in error,
    *vs.* SHADRICK T. CRAWFORD, defendant in error.

[1.] Courts of Ordinary, in Georgia, are not Courts of limited jurisdiction, as to
    testate and intestate estates, in the sense of the rule, that all that is necessa-
    ry to show jurisdiction, must appear on the face of the record on the proceed-
    ings of that Court; and as regards such estates, every presumption is to
    be made in favor of their jurisdiction.

Ejectment, in Sumter Superior Court.   Tried before Judge
PERKINS, February Term, 1855.

Plaintiffs in error brought suit in ejectment against the
defendant, for lot land No. 23, in 28th district of Sumter
County.   On the trial, they offered in evidence a grant from
the State to " Cynthia A. Ashworth, illegitimate of Boswell's
district, Franklin County."   Then the following order, pass-
ed by the Court of Ordinary of Franklin County, 1st Septem-
ber, 1834: " ordered, that Joshua Wood, guardian, have leave
to sell lot No. 23, in the 28th district of originally Lee Coun-
ty, for the benefit of Cynthia Ashworth."   Defendant's Coun-
sel objected to the order, because it did not appear, on its face,
that Cynthia Ashworth, or any of her property, was in
Franklin County, at the time of the granting of the order.
The Court sustained the objection, and plaintiffs excepted.

The Court also ruled out the deed made by the guardian
to plaintiff, Wood, as the purchaser at the sale, and plaintiff
excepted.

Plaintiffs below offered to prove, by witnesses, that Cynthia
Ashworth did reside in Franklin County, at the time of the
granting of the order.   The Court rejected the evidence,
and plaintiffs excepted.

On these exceptions, error has been asssigned.

BROWN & BROWN, for plaintiff in error.

DUDLEY, for defendant in error.

Buchanan *vs* Beckham.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This case is covered by the decisions in *Tucker vs. Harris*, (13 *Ga. Rep.* 1,) and *Perkins and others against Attaway*, (14 *Ga. Rep.* 27,) and conceded to be, by Counsel for defendant in error, who, in consequence thereof, declined submitting an argument.